IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**WILLIE E. HENRY, JR.**                                                                        **PLAINTIFF**

**V.**                                    **CASE NO. 2:11-CV-166-KS-MTP**

**RON KING, et al.**                                                            **DEFENDANTS**

**ORDER**

Plaintiff, an inmate, seeks summary judgment on his claim that prison officials violated his constitutional rights when they conducted a search of his property while he was not present. Defendants argue that the search was legal and move for the case to be dismissed based on Eleventh Amendment immunity and qualified immunity. Because the Fourth Amendment does not apply within the confines of a prison cell and because there was no due process violation, this case should be dismissed.

CASE BACKGROUND

Plaintiff Willie E. Henry, Jr., proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983 in this Court on August 11, 2011. Mr. Henry is currently serving a 15-year sentence in the custody of the Mississippi Department of Corrections ("MDOC"). The events giving rise to this lawsuit occurred while Henry was housed at South Mississippi Correctional Institute ("SMCI") in Leakesville, Mississippi. The Defendants in this case are SMCI Superintendent Ron King and SMCI Warden Hubert Davis.[1]

---

[1] The Plaintiff originally named Brenda Sims as a Defendant, but chose not to pursue his claims against her. With the Plaintiff's consent, the Court dismissed Sims from the case on May 15, 2012.

Through his complaint and as clarified by his testimony at the *Spears*[2] hearing, the Plaintiff alleges that his Fourth Amendment rights were violated when SMCI officers illegally conducted a "shakedown" of his holding cell and seized his property on March 10, 2011. The Plaintiff asserts that he and other inmates were taken outside during the search. When they returned to the housing unit, the Plaintiff discovered that his radio (valued at $20.00), his headphones (valued at $10.00), and two new packs of his batteries (valued at $9.00 total) were missing. Henry unsuccessfully attempted to obtain relief pursuant to the MDOC Administrative Remedy Program ("ARP") and then filed the instant lawsuit.

In this civil rights action, the Plaintiff asserts that the "shakedown" violated the Fourth Amendment's proscription against unreasonable searches and seizures. He specifically asserts that Superintendent King and Warden Davis are responsible for allowing searches to be conducted of an inmate's property when that inmate is not present. He seeks replacement of his property and punitive damages for the alleged violations of his constitutional rights.

Both parties have filed dispositive motions. The Plaintiff moves for summary judgment, asserting that the Defendants are liable for allowing SMCI officers to conduct "illegal property searches...outside the provisions of the Fourth Amendment." Doc. [28]. He submits receipts from his purchase of the property allegedly seized during the shakedown at issue. In response, the Defendants move to dismiss the Plaintiff's claims for monetary damages against them in their official capacity under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. As to

---

[2]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) (stating that a plaintiff's testimony offered during an omnibus hearing supercedes allegations made in the *pro se* complaint), overruled on other grounds, *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 1831, 104 L.Ed. 2d 338 (1989).

the remaining claims, the Defendants seek dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. They further argue that they are entitled to Eleventh Amendment immunity and qualified immunity on the claims. Doc. [32].

DISCUSSION

The Court will first address the Defendants' 12(b)(1) motion to dismiss the claims for monetary damages.[3] Dismissal under Rule 12(b)(1) "should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle [him] to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir. 1998)).

Any claim for money damages against Superintendent King and Warden Davis in their official capacity is barred by the Eleventh Amendment. A lawsuit "against a state official that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 101 (1984). Any cause of action "against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). "[A]n unconsenting State is immune from suits brought in federal court by her own citizens as well as by the citizens of another state." *Pennhurst*, 465 U.S. at 100.

Henry's official capacity claim against Superintendent King and Warden Davis is essentially a claim against the State of Mississippi. Because Mississippi has not consented to

---

[3]"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

3

suit in this Court or otherwise waived its immunity, neither it nor the Defendant MDOC employees can be held liable for money damages.[4] Therefore, the Plaintiff's claim seeking monetary damages from the Defendants in their official capacity is dismissed. Further, the claim seeking injunctive relief against the Defendants in their official capacity is also dismissed because the Plaintiff has not shown that an unconstitutional policy, custom, or practice of the MDOC was the "moving force" behind the alleged violation of his constitutional rights.[5]

The Defendants also move to dismiss the claims asserted against them in their individual capacity. "Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege sufficient facts that, taken as true, state a claim that is plausible on its face." *Amacker v. Renaissance Asset Mgmt. LLC,* 657 F.3d 252, 254 (5th Cir. 2011). "To survive a motion to dismiss, a complaint must contain...factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009).

The Defendants argue that they cannot be held liable for the alleged violation of Henry's constitutional rights because, as state employees, they are entitled to qualified immunity. This "entitlement is an *immunity from suit* rather than a mere defense to liability; and like absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v.*

---

[4]*See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (stating that the Eleventh Amendment bars claims for money damages asserted against prison officials in their official capacities).

[5]*See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 694 (1978) (stating that a local government can only be responsible under § 1983 when its policy or custom is the moving force of a constitutional violation). Assuming the Plaintiff had alleged that such a policy or custom exists, his claim would still be dismissed because, as detailed below, the Plaintiff did not suffer a constitutional deprivation.

4

*Forsyth*, 427 U.S. 511, 526 (1985). The doctrine of qualified immunity holds "public officials accountable when they exercise power irresponsibly and…[protects them] from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

In resolving whether a government employee is immune from suit, the Court must decide whether the facts alleged by the plaintiff show that the employee violated a constitutional right and whether that right was clearly established at the time of the employee's alleged misconduct. *Id*. at 231-232. Qualified immunity applies unless the employee's conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Id*. at 231 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

The Defendants are entitled to qualified immunity because the Plaintiff has not shown that his constitutional rights were violated. Henry complains that the March 10, 2011, search of his housing unit was unconstitutional because it was conducted outside of his presence and it resulted in the loss of his property. It is well established that prisoners have no legitimate expectation of privacy in a prison cell; therefore, the Fourth Amendment proscription against unreasonable searches and seizures does not apply to the search at issue in this case. *See Hudson v. Palmer*, 468 U.S. 517, 525-26, 104 S.Ct. 3194, 82 L.Ed. 2d 393 (1984).

While Henry may have been deprived of his property under the color of state law, that deprivation did not violate the Due Process Clause of the Fourteenth Amendment because adequate post-deprivation remedies were available.[6] Under the *Parratt/Hudson* doctrine, "a state

---

[6]Neither negligent nor intentional deprivations of property violate a prisoner's right to due process when there is an adequate state tort remedy available. *Daniels v. Williams*, 474 U.S. 327 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

5

actor's *random and unauthorized deprivation* of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy." *Brooks v. George County, Miss.,* 84 F.3d 157, 165 (5th Cir. 1996) (citing *Caine v. Hardy*, 943 F.2d 1406, 1412 (5th Cir. 1991)).

At the omnibus hearing, Henry testified that shakedowns are performed outside the presence of inmates only at SMCI Compound 2, where he was housed on March 10, 2011. Henry testified that inmates are present during searches at SMCI's other compounds as well as during searches conducted at other prisons where the Plaintiff had been housed. Henry does not allege that officers performed the shakedown pursuant to an MDOC policy or that the Defendants acted in accordance with an MDOC policy.[7] Rather, he suggests that the Defendants, who did not conduct the search at issue, created an environment wherein it was acceptable for officers to search an inmate's property while the inmate was not present. Therefore, it appears that the search at issue was "random and unauthorized" and thus the Plaintiff's procedural due process rights were not violated so long as adequate state post-deprivation remedies exist. *Brooks*, 84 F.3d at 165.

Under Mississippi law, any person who has been deprived of his property may pursue an action for replevin or for claim and delivery.[8] The burden is on the Plaintiff to show that the available post-deprivation remedies are inadequate. *Myers v. Klevenhagen*, 97 F.3d 91, 94-95

---

[7]*See Smith v. Epps*, 326 F. App'x 764, 765 (5th Cir. 2009) (plaintiff's allegation that prison officials violated his due process rights pursuant to an MDOC policy precludes the court from applying the *Parratt/ Hudson* doctrine).

[8]*See*, *e.g.*, Miss. Code Ann. § 11-37-101 *et seq.* (replevin); Miss. Code Ann. § 11-38-1 *et seq*. (claim and delivery).

(5th Cir. 1996) (citations omitted). However, Henry does not argue that the remedies available under Mississippi law are insufficient. Further, the Fifth Circuit has held that Mississippi's post-deprivation remedies for civil *in forma pauperis* litigants satisfy due process. *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994). As such, any claim the Plaintiff may have for deprivation of property can be pursued under state law. To the extent the Plaintiff alleges that the March 10, 2011, shakedown violated the Due Process Clause, his claim fails. Since the facts do not show that there was a constitutional violation, the Court finds that the Defendants are entitled to qualified immunity.

In light of the Court's finding that the Defendants are immune from liability in this case, the Plaintiff's Motion for Summary Judgment [28] is denied. The motion is also denied because the Plaintiff fails to offer sufficient evidence in support of summary judgment. Rule 56(a) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986). The moving party bears burden of "informing the district court of the basis for its motion, and identifying those portions of [the record evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323.

Henry does not provide sufficient evidence demonstrating that he is entitled to summary judgment. He relies on the allegations contained in the complaint, his testimony at the omnibus hearing, and a printout of his inmate commissary purchase history. The printout shows that the Plaintiff purchased an AM/FM radio, a headphone, and several packs of batteries from the prison

7

commissary. *See* Doc. [29-1]. The printout does not establish, nor can it establish, that the Defendants violated Henry's constitutional rights. Although Henry alleges that his Fourth Amendment rights were violated, he has not established that there was a constitutional deprivation. Therefore, because the Plaintiff fails to submit sufficient summary judgment evidence, his motion is denied.

Based on the foregoing analysis, the Defendant's Motion to Dismiss [32] is granted and the Plaintiff's Motion for Summary Judgment [28] is denied. Pursuant to Fed. R. Civ. P. 58, a separate judgment will be entered.

SO ORDERED, this the 12th day of March, 2013.

**/s/MICHAEL T. PARKER**
UNITED STATES MAGISTRATE JUDGE